IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

CASE NO. 1:24-cr-00189-SKC

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSE MURILLO,

    Defendant.

---

ORDER PARTIALLY GRANTING AND PARTIALLY DENYING
DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE (DKT. 38)

---

Before the Court is Mr. Murillo's Motion to Modify Conditions of Release. Dkt. 38. The government opposes the motion. Dkt. 40. Mr. Murillo filed a reply after the government filed its opposition. Dkt. 41. No hearing is necessary or required. 18 U.S.C. § 3145(b). The Court's review is governed by 18 U.S.C. § 3145(a).

On May 13, 2025, Mr. Murillo pleaded guilty (pursuant to a plea agreement) to one count of violating 18 U.S.C. § 922(g)(1).[1] Dkt. 33. In advance of Mr. Murillo's

---

[1] In the Plea Agreement, the government calculated the applicable advisory guideline range from 70-87 months imprisonment. Mr. Murillo calculated the advisory range from 46-57 months. Dkt. 34. The government has agreed to recommend a sentence within the advisory range as calculated by the Court at sentencing. *Id.* Sentencing is set for September 2, 2025.

1

May 13 change of plea, Senior U.S. Probation Officer Seth Junker submitted a bail status report (dated May 7, 2025) with recommendations, as follows:

> The defendant's initial adjustment to supervision was a challenge. As outlined in the petition for summons (Docket entry #19), the defendant struggled with a significant drug problem. He failed to report for testing and treatment on several instances, and he was dependent on fentanyl. On September 17, 2024, the defendant appeared on summons for a compliance review hearing. At that time, additional conditions of location monitoring with GPS and home detention, as well as the condition that the defendant must enter into an inpatient treatment program. (sic) In October 2024, the defendant commenced an inpatient treatment program which he completed in December 2024. He then transitioned to sober living with intensive outpatient treatment. The defendant has been actively engaged in treatment, has continued to produce negative drug tests since admission into treatment, and he has turned his life around for the better. Furthermore, in January 2025, the defendant's condition of home detention was modified to a curfew, and he has remained compliant with location monitoring requirements. *It appears the condition for GPS with a curfew could be reduced to stand-alone monitoring or removed altogether. Lastly, the defendant has remained gainfully employed for a few months and by all accounts he is stable in the community.*

Dkt. 32 (emphasis added). At his change of plea hearing, the Court accepted Mr. Murillo's guilty plea and granted his request to drop the curfew component of his GPS monitoring. Dkt. 33.

Mr. Murillo now asks the Court to modify his bond conditions further by removing the condition of electronic monitoring as referenced by Officer Junker. Mr. Murillo explains that "[a]s it is now summertime and Mr. Murillo wants to be able to spend time swimming with his children, Mr. Murillo respectfully requests that the Court remove the GPS monitor condition altogether, like the United States Probation Office previously stated would be appropriate." Dkt. 38, p.1. The government opposes

this request arguing that "[a]side from wanting to swim with his children during the summer, the defendant does not cite a compelling reason for removal of the GPS monitor." Dkt. 40, p.4. It further contends that "[a]fter many months of noncompliance with his release conditions and numerous violations, the defendant appears to be stable and compliant with the conditions of his bond. The GPS monitor is undoubtedly a factor in the defendant's compliance with his release conditions[.]" *Id.* That said, the government does not oppose a modification to stand-alone monitoring. *Id.* at p.5.

Reviewing this matter *de novo*, the Court finds a modification to stand-alone monitoring is the least restrictive condition reasonably necessary to assure Mr. Murillo's appearance as required and to assure community safety. First, Mr. Murillo's initial adjustment to supervision included his purported violations of conditions of release resulting in the magistrate judge *adding* conditions of GPS monitoring, home detention,[2] and an inpatient treatment program. The significance of Mr. Murillo's successes since the addition of these conditions—his active engagement in treatment, continued negative drug tests, remaining compliant with GPS monitoring, and turning his life around for the better—are not lost on the Court. The Court acknowledges and commends Mr. Murillo for it. But the Court agrees with the government that the GPS monitoring would appear to be a contributing factor to these successes, or at least, an inseparable one.

---

[2] The home detention component was later modified to a curfew.

Second, circumstances have since changed. Mr. Murillo has now pleaded guilty. The Court accepted his guilty plea. All that is left is his sentencing hearing in September 2025 where Mr. Murillo faces the potential of a significant term of imprisonment—ranging possibly anywhere from 46-57 or 70-87 months. Dkt. 34, p.9.

The Court believes Mr. Murillo's ability to spend time with his children this summer in water activities is an important consideration. But, for the reasons shared above, it does not afford a legally compelling reason under the Bail Reform Act for removing the monitoring condition altogether.

It is ORDERED that Mr. Murillo's Motion to Modify Conditions of Release is GRANTED IN PART and DENIED IN PART. It is GRANTED insofar as Mr. Murillo requests a modification of his conditions of release. It is DENIED insofar as he requests removal of electronic monitoring.

It is FURTHER ORDERED that Mr. Murillo's conditions of release are modified to eliminate GPS monitoring in favor of stand-alone monitoring.

DATED: June 30, 2025

BY THE COURT:

S. Kato Crews
United States District Judge